IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES PAGE,

    Plaintiff,

v.                                                           No.CIV 96-1621 MV/WWD

LT.SPARKS, Corrections Lieutenant (CNMCF),
C.O. LOPEZ, Corrections Officer, (CNMCF),

    Defendants.

## MEMORANDUM OPINION AND ORDER FOR MARTINEZ REPORT

THIS MATTER comes before the Court *sua sponte*. Plaintiff, who is incarcerated and proceeding *pro se* and *in forma pauperis,* claims that he was beaten and injured by other inmates on two occasions while housed at the Central New Mexico Correctional Facility ("CNMCF"). He alleges that correctional officers knew of direct threats to his well-being and that following two periods of involuntary segregation, he was returned to general population, in the same housing unit as the individual who caused the initial assault.[1] Plaintiff states that he required medical treatment in the form of stitches to his face and eye after each incident.

In their answer, defendants concede that Mr. Page was placed in involuntary segregation twice and was ultimately released back to general population. However, they deny that they had knowledge that plaintiff had been threatened by the assailant and further state that they have insufficient knowledge to determine whether plaintiff was released from involuntary segregation to

---

[1] The district judge for this case, the Hon. Martha Vazquez, previously dismissed various other defendants whom plaintiff named in his complaint. See Court Order entered March 21, 1997. Only defendants Sparks and Lopez "are alleged to have made the decisions leading to the second instance of brutality." Id. at 2; Compl. at 4-5. According to plaintiff, his life was threatened in the presence of Lopez, who then notified his supervisor Sparks. Sparks then made the decision to place plaintiff in involuntary segregation for plaintiff's protection.

general population in the same area as his assailant.

Martinez Report

The court may order defendants in a case brought by a prisoner proceeding *pro se* to submit a special report (Martinez report) to investigate the incident or incidents which form the basis for plaintiff's lawsuit.  Martinez v. Aaron, 570 F.2d 317, 320 (10th Cir. 1978).  The Tenth Circuit has authorized the district court to require a Martinez report to develop a factual or legal basis for determining whether an inmate plaintiff has a meritorious claim.  See, e.g., Gee v. Estes, 829 F.2d 1005, 1007 (10th Cir. 1987).  Such a report may be used in a variety of procedural situations, including a motion for, or *sua sponte* entry of, summary judgment.  If a Martinez report is used for summary judgment purposes, however, the *pro se* plaintiff must be provided an opportunity to present conflicting evidence to controvert the facts set out in the report.  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

To aid the court in evaluating plaintiff's claims in this case, defendants shall prepare a Martinez report which shall address the following matters:

(1) procedures followed by CNMCF which deal with assaults by inmates on other inmates, and use of "lockdown" (involuntary segregation):

    (a) who is segregated following the occurrence;

    (b) paperwork or reports which are generally required to be completed when an incident occurs;

(2) All reports related to the following incidents:

    (a) the initial assault on plaintiff in the dining area of the compound, referred to in plaintiff's complaint at ¶ 10.

    (b)    each placement of plaintiff in involuntary segregation,[2] including dates and times, and release information as to time and place;

    (c)    each placement of assailant in involuntary segregation, including dates and times, and release information;

    (d)    information regarding assailant's location at the time of plaintiff's release, on *both* occurrences.

(3)    Information concerning the extent of defendants' knowledge of any and all threats to plaintiff's well-being, including manner in which they became aware of these threats;

(4)    reports and other information regarding injuries sustained by plaintiff and medical care received following the incident in the dining area and also after plaintiff was released from involuntary segregation.

The report shall be filed on or before <u>Monday, March 2, 1998</u>.  Defendants shall serve a copy of the report on plaintiff who shall have twenty (20) days from the date of service to respond.  Motions for extensions of time shall be given due consideration.  **The parties are hereby given notice that the report may be used in deciding whether to grant summary judgment on plaintiff's claims; the parties should submit whatever materials they consider relevant to plaintiff's claims, including affidavits.**  See <u>Hall v. Bellmon</u>, 935 F.2d 1106 (10th Cir. 1991).

    **IT IS SO ORDERED.**

                                     UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff does not provide dates, but gives sufficient information as to when the incidents occurred in relation to each other such that defendants should not find it difficult to locate the relevant information.